UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-CV-22911-HUCK/O'SULLIVAN

ADOLFO COULSON,

    Plaintiff,

v.

CITY OF HIALEAH and OFFICER
RICHARD QUINTERO,

    Defendants.
_____/

**ORDER ON MOTIONS TO DISMISS**

This matter is before the Court on the City of Hialeah's Motion to Dismiss (D.E. #14) and Officer Quintero's Motion to Dismiss (D.E. #15), both filed November 17, 2009. The Court has reviewed the parties' submissions and is otherwise duly advised in the premises. For the reasons stated, both Motions are granted as set forth below.

**I.    BACKGROUND**

*Pro se* plaintiff Adolfo Coulson alleges that Officer Quintero, a police officer for the City of Hialeah ("City"), questioned Coulson about a burglary on September 7, 2009 while Coulson was outside a friend's house. (V. Compl. ¶ 10.) Coulson alleges that Officer Quintero, after questioning Coulson and demanding identification, ran a background check on Coulson. (*Id.*) After obtaining the results of the background check, Officer Quintero then allegedly searched a vehicle parked nearby—presumably belonging to Coulson, although that is not clear on the face of the Complaint—without a warrant or consent. (*Id.*) Coulson claims that Officer Quintero planted cocaine in that vehicle. (*Id.*) Coulson alleges that Officer Quintero then threatened to injure Coulson, pushed him into a City police car, arrested him "without probable cause," and had the vehicle towed illegally. (*Id.* ¶¶ 10, 15.) Coulson admits that he "refused to be illegally arrested" but insists that he "did not physically resist arrest." (*Id.* ¶¶ 10, 20.) Coulson claims that after he was placed in the police car by Officer Quintero, he was taken to a City police station, searched, and charged with cocaine possession and various driving related offenses. (*Id.* ¶¶ 12-13.) Coulson also alleges he was incarcerated for 35 days, and that the charges against him were eventually dismissed.

(*Id.* ¶¶ 14, 17.)  Coulson has brought ten counts against the Defendants, including several under 42 U.S.C. § 1983, which is the sole basis for federal jurisdiction.

## II.     LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will succeed where it is abundantly clear, taking all well-plead facts and inferences therefrom as true, that a plaintiff has failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  While Federal Rule of Civil Procedure 8 allows a plaintiff considerable leeway in framing his complaint, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (complaint must include "enough facts to state a claim to relief that is plausible on its face"), application of Rule 8 has been tightened with respect to § 1983 cases to weed out nonmeritorious claims.  *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998); *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (requiring "specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity").  A § 1983 plaintiff must allege with some specificity the facts which make out his claim, particularly in cases involving qualified immunity, where the court must determine whether the individual defendant's actions violated a clearly established constitutional right.  *Id*; *Lewis v. City of West Palm Beach, Fla.,* 561 F.3d 1288, 1291 (11th Cir. 2009) (police officer is entitled to qualified immunity from § 1983 claims unless conduct violated a clearly established constitutional right, such that a reasonable police officer would know the conduct was unlawful under the circumstances).

Thus, to survive a motion to dismiss, it must appear from the face of the complaint asserting the § 1983 claim that the defendant, acting under the color of state law, deprived the plaintiff of a constitutional right.  *Id.*  Additionally, although Coulson's Complaint is held to "less stringent standards than formal pleadings drafted by lawyers" because he is proceeding *pro se*, *see Estelle v. Gamble,* 429 U.S. 97, 106 (1979) (internal quotations and citations omitted), Coulson may not "ignore both the heightened pleading standard for § 1983 claims that is the law of this Circuit and the Supreme Court's call for a firm application of the Federal Rules of Civil Procedure in cases where qualified immunity is asserted."  *GJR Investments, Inc.*, 334 F.3d at 1369.

## III.    ANALYSIS

### a.     Count 1 - § 1983 Claim Against Officer Quintero for Excessive Use of Force.

Coulson alleges that Officer Quintero, acting under color of law, deprived Coulson of his Fourth Amendment right "to be free from unreasonable force while in police custody" in violation

2

of § 1983. (*Id.* ¶ 21.) Coulson contends that he did not resist Officer Quintero's attempt to arrest him and therefore "the force that [Officer Quintero] used in battering [Coulson] was objectively unreasonable . . . ."[1] (*Id.* ¶¶ 20-21.) Coulson also contends that Officer Quintero battered him maliciously, and thereby violated Coulson's "rights under the substantive due process component of the Fourteenth [A]mendment to the U.S. constitution to be free from excessive and unreasonable use of force while in police custody." (*Id.* ¶¶ 22-23.) Coulson claims City policy allows police officers "to use excessive force without remorse." (*Id.* ¶ 24.) Coulson says he was physically and mentally injured by Officer Quintero's battery and seeks damages accordingly. (*Id.* ¶ 25.)

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1244 (11th Cir. 2003) (internal quotations and citations omitted). The use of force during an arrest must be "reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight." *Id.* Coulson has failed to allege any facts supporting his conclusion that that the force used by Officer Quintero to push him into the police car was objectively unreasonable. Coulson, in his Opposition to Officer Quintero's Motion, argues he is not required to partake in "legal jargon" because he is a *pro se* plaintiff, and that his allegation that "[Officer Quintero had] a degree of participation in the arrest as discussed in the Complaint" is sufficient. (Opp'n at 6, 8.) The Complaint, however, does not provide any details about the nature or scope of the push, any other violence, or Coulson's resulting injuries.[2] Viewing all the factual allegations in the Complaint and inferences therefrom in favor of Coulson (*i.e.*, that Officer Quintero pushed Coulson into a police car and Coulson was thereby injured) the Court finds that the Complaint does not provide a sufficient basis to conclude that the push was excessive under the Fourth Amendment or so plainly unlawful as to waive Officer Quintero's qualified immunity. *See Nolin v. Isbell*, 207 F.3d 1253, 1257-58 (11th Cir. 2000) (recognizing that the typical arrest involves some force and injury and

---

[1] Coulson claims only that he did not provoke, threaten, attempt to flee from, or pose a threat to Officer Quintero (or anyone else) "while plaintiff was in police custody." (V. Compl. ¶ 20.) Coulson stops short of alleging that he cooperated with Officer Quintero prior to his arrest—a notable distinction given Coulson's admission that he "refused to be illegally arrested." (*Id.* ¶ 10.)

[2] Coulson claims in his Opposition to the City's Motion that that Officer Quintero threatened to "let his dog (K9) out of his car to bite me." (Opp'n to Def. City of Hialeah Mot. to Dismiss at 7.) Even if the Court considered this claim to be part of the Complaint, which it does not, it would not support Coulson's conclusion that the force employed by Officer Quintero was excessive under the circumstances.

3

"application of *de minimus* force, without more, will not support a claim for excessive force"); *see also Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1559 (11th Cir. 1993) (admittedly unnecessary pushing not plainly unlawful so as to waive police officer's qualified immunity); *Mladek v. Day*, 293 F. Supp. 2d 1297, 1302-1303 (M.D. Ga. 2003) (pushes are not sufficiently severe to rise to the level of excessive force under the Fourth Amendment absent allegation of resulting significant injury). Therefore, Coulson has failed to state a § 1983 claim against Officer Quintero for excessive use of force, and Count 1 must be dismissed.

### b. Count 2 - § 1983 Claim Against Officer Quintero for False Imprisonment.

Coulson alleges that Officer Quintero "reported that he arrested [Coulson] on several charges." (V. Compl. ¶ 26.) Coulson claims he was unlawfully detained and restrained against his will by Officer Quintero, who lacked "even arguable probable cause" to believe that Coulson was involved with the acts underlying the criminal charges brought against him by Officer Quintero. (*Id.* ¶¶ 26-29.) Coulson contends that his detention constitutes false imprisonment and was a violation of his rights under the Fourth and Fourteenth Amendments. (*Id.* ¶ 29.) Coulson seeks damages for the physical and mental injuries he sustained due to the alleged false imprisonment. (*Id.* ¶ 30.)

"A warrantless arrest without probable cause violates the Constitution and forms the basis for a section 1983 claim." *Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990). However, Coulson has failed to allege why Officer Quintero lacked probable cause to arrest him. In addition to the cocaine possession charge, which Coulson contends was fabricated, Officer Quintero also charged Coulson with several driving related offenses, *after* running a background check on Coulson. Coulson's Complaint does not allege that the driving related offenses brought against him by Officer Quintero, including the felony offense of habitual driving with a suspended license, were fabricated or that Officer Quintero did not have probable cause to arrest him based on the results of the background check.[3] If any one of the charges justified Coulson's arrest, Officer Quintero is not

---

[3] However, Coulson does claim in his Opposition to the City's Motion that he is not a habitual traffic offender, that he had no warrants on September 7, 2009, that he was not driving when Officer Quintero approached him, and that he "came back clean" from the background check. (Opp'n to Def. City of Hialeah Mot. to Dismiss at 7-8.) Again, even if the Court considered these claims to be part of the Complaint, which it may not, Coulson has failed to provide any facts tending to support the assertion that the background check "came back clean" and the resulting inference that the driving offenses for which Coulson was arrested were fabricated by Officer Quintero. For example, Coulson provides no explanation as to how he knows—or could know—that the background check "came back clean." Therefore, even if the Court took the claims in the Opposition as true and merged them with the allegations in the Complaint, which it will not, Coulson would still fail to provide "enough facts to state a claim to relief that is plausible on its face" as required by Rule 8. *Twombly*, 550 U.S. at 547 (retiring the "unless it appears beyond doubt" standard of *Conley v. Gibson*, 355 U.S.

guilty of false imprisonment. *Id.* at 1506 (probable cause, which exists where facts suggest *an* offense has been committed, is an absolute bar to § 1983 liability) (emphasis added). Accordingly, because Coulson has not alleged facts supporting his conclusion that Officer Quintero arrested him without probable cause, Coulson has failed to state a § 1983 claim against Officer Quintero for false imprisonment. Count 2 must be dismissed.

    **c.**    **Count 3 - § 1983 Claim Against City for Excessive Use of Force.**

Coulson alleges that the City had the power to fire Officer Quintero and maintains policies governing the use of force by its police officers, which include allowing police officers to use excessive force "without remorse." (V. Compl. ¶¶ 31-32.) Coulson contends that because of these policies, the City "is the final authority with respect to the detention and physical abuse of [Coulson]." (*Id.* ¶ 33.) Accordingly, Coulson seeks damages for the injuries he allegedly sustained from Officer Quintero's excessive use of force.[4]

"To impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). As explained *supra* III(a), Coulson has failed to establish that Officer Quintero's use of force violated Coulson's constitutional rights and therefore he cannot state a claim against the City. Additionally, Coulson has failed to explain how the City's alleged policy of allowing "police officers to use excessive use of force without remorse" was the "moving force behind the violation of [Coulson's] constitutional rights," such that the policy or custom caused the violation. *Id.*; *Gold v. City of Miami*, 151 F.3d 1346, 1354 (11th Cir. 1998). Coulson has not provided any facts—such as a history of incidents where City police officers employed excessive force or a training program that encouraged City police officers to use excessive force—that would support his conclusion that the City had a policy or custom of allowing its police officers to use excessive force. The mere fact that the City supervises Officer Quintero does not automatically give rise to a finding that the City had a policy or custom of encouraging City police officers to use excessive force. For these reasons, Coulson has failed to

---

41, 45-46 (1957).) If Coulson wants the Court to consider these allegations, he must include them in his amended Complaint.

[4] The Court assumes the prayer for a judgment against Officer Quintero is a drafting error, attributable to Coulson's *pro se* status, and that Coulson in fact seeks relief from the City as set forth at the outset of Count 3, which is styled as a "Section 1983 Claim *Against City* for Excessive Use of Force." (V. Compl. at 4 (emphasis added).)

state a § 1983 claim against the City for excessive use of force. Count 3, therefore, must be dismissed.

> d. **The State Law Tort Claims (Counts 4-10).**
>
> i. **Sovereign Immunity Does Not Bar Coulson's State Tort Claims Against Officer Quintero for Bad Faith Conduct Outside the Scope of His Employment.**

Counts 4 through 10 of the Complaint are tort claims brought under Florida state law. Officer Quintero argues that the "inconsistently pled state law claims" against Officer Quintero—which it describes as Count 4 for Assault, Count 5 for Battery, Count 9 for Intentional Infliction of Emotional Distress,[5] and Count 10 for Malicious Prosecution—should be dismissed because Coulson has inconsistently plead, on one hand, that Officer Quintero acted "within the course and scope of his employment" at all times, *see* V. Compl. ¶ 8, and, on the other hand, that Officer Quintero committed several of the same torts in bad faith, with malice purpose, and with wanton and willful disregard of Coulson's safety. (*See, e.g.*, V. Compl. ¶¶ 36, 39, 53, 61, 67.) Put differently, Coulson's Complaint alleges that Officer Quintero simultaneously acted both *within* the scope of his employment (*i.e.*, under color of law) and *outside* it (*i.e.*, in bad faith) in his dealings with Coulson. Officer Quintero argues this sort of inconsistent pleading is "not allowed" because it is an "end run" around Florida sovereign immunity. (Def. Quintero Reply at 7 (quoting *Nias v. City of Florida City*, 2008 WL 2332003 (S.D. Fla. 2008).)

Officer Quintero is correct that Florida law prohibits a plaintiff from suing a police officer individually if the officer's actions are committed within the scope of his or her employment. *Nias* at *4; *see also* Fla. Stat. § 768.28(9)(a). Likewise, Florida law also prohibits a plaintiff from suing a municipality for tortious acts committed by its officers outside the scope of their employment (*i.e.*, in bad faith).[6] *Id.* The upshot of Officer Quintero's argument appears to be that, to the extent Coulson is suing Officer Quintero for acts committed *within* the scope of his employment, Coulson is really suing the City, which has not opened itself up to tort claims in federal court. *See Nias* at *4; *Terrell v. United States*, 783 F.2d 1562, 1565 (11th Cir. 1986) ("It is clear therefore that

---

[5] In fact, Coulson alleges that Officer Quintero was acting within the scope of his employment as it relates to the emotional distress claim, *see* V. Compl. ¶ 61. Therefore, this claim is not plead inconsistently.

[6] A municipality, like the City, is covered by Fla. Stat. § 768.28(9)(a). *See* Fla. Stat. § 768.28(2) ("state agencies and subdivisions" include "counties and municipalities").

6

although Florida has waived its immunity from tort actions filed in state court, Florida has not waived its immunity from tort suits in federal fora."); Fla. Stat. § 768.28(18) ("No provision in . . . any section of the Florida Statutes . . . shall be construed to waive the immunity of the state . . . from suit in federal court . . . ."). However, sovereign immunity only bars claims in federal court against Officer Quintero (and by proxy, the City) for acts committed by Officer Quintero *within* the scope of his employment. *Nias* at *5 (dismissing Plaintiff's state tort claim against police officer "in his official capacity" as violative of the sovereign immunity statute because it was brought in federal court). Coulson's claims against Officer Quintero for tortious acts committed by Officer Quintero *outside* the scope of his official capacity (*i.e.*, in bad faith) are not precluded by Florida's sovereign immunity statute.

Certainly, Coulson may plead the inconsistent theories that Officer Quintero acted both *within* the scope of his employment and *outside* the scope of his employment. *See* Fed. R. Civ. P. 8(d) (expressly permitting alternative and inconsistent claims). However, Coulson's theory that the City is liable for acts committed by Officer Quintero outside the scope of his employment cannot survive a motion to dismiss in federal court. This is because, as discussed previously, Florida has not opened itself to tort liability *in federal court* for the tortious acts of state officials committed outside the scope of their employment. Accordingly, Coulson cannot, as a matter of law, sue the City for acts committed by Officer Quintero *outside* the scope of his employment in a federal lawsuit. However, Coulson can sue Officer Quintero personally for tortious acts committed by Officer Quintero outside the scope of his employment in a federal lawsuit without violating the City's sovereign immunity. In sum, the inconsistencies in the Complaint do not warrant dismissal of Coulson's claims against Officer Quintero.

### ii.   Counts 4 & 5 – Assault and Battery Claims Against Officer Quintero.

Coulson alleges that Officer Quintero is guilty of assault because he "intentionally and unlawfully [threatened] to physically [injure Coulson] . . . so as to create a reasonable fear of [imminent] peril." (V. Compl. ¶ 35.) Coulson also alleges that Officer Quintero "unlawfully struck" him and is therefore guilty of battery. (*Id.* ¶ 38.) Coulson claims he was physically and mentally injured by the assault and battery and seeks damages accordingly. (*Id.* ¶¶ 37, 40.)

Under Florida law, Officer Quintero is entitled to use reasonable force to carry out a lawful arrest without opening himself to individual tort liability. *City of Miami v. Sanders*, 672 So.2d 46, 47 (3d DCA 1996) ("an officer is liable for damages only where the force used is clearly

7

excessive"); *see also* Fla. Stat. § 768.28(9)(a) (barring tort suits against police officers unless the officer "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.")  As explained *supra* III(a), Coulson has not plead any facts that even remotely suggest that Officer Quintero's force or threat of force was "clearly excessive."  *Id.*  Additionally, Coulson has failed to plead a claim for false imprisonment, such that Officer Quintero's arrest of Coulson—and accompanying force and threat of force—could be construed as unlawful, such that any force or threat of force would be excessive.  Coulson has failed to state a claim for assault or battery against Officer Quintero.  Counts 4 and 5 must be dismissed.

### iii. Counts 6, 7, and 8 - Vicarious Liability Claim Against City for Assault, Battery, and False Imprisonment.

Coulson seeks damages from the City for the assault, battery, and false imprisonment allegedly perpetrated against him by Officer Quintero.  However, as explained *supra* III(d)(i), and by Chief Judge Moreno in *Nias,* "[b]ecause the Plaintiff has sued a state agency which, for Eleventh Amendment purposes, is the equivalent of the State of Florida, these claims must be dismissed as barred by the Eleventh Amendment."  *Nias* at *3-4 (dismissing vicarious liability claims against a Florida municipality for assault, battery, and false imprisonment stemming from an interaction with a police officer "because the Eleventh Amendment prohibits suits in federal court against state agencies based on state law, even if a claim is brought under pendant or supplemental jurisdiction").  For this reason, and also because Coulson has not stated a claim for any of the underlying torts for which he seeks to hold the City vicariously liable, Counts 6, 7, and 8 must be dismissed.

### iv. Count 9 – Intentional Infliction of Emotional Distress Claim Against City and Officer Quintero.

To state a claim for intentional infliction of emotional distress ("emotional distress") under Florida law, a plaintiff must establish that the conduct (1) was intentional or reckless, (2) outrageous, (3) caused emotional distress to plaintiff, and (4) the emotional distress was severe. *Stewart v. Walker*, 5 So. 3d 746, 749 (4th DCA 2009).  Coulson alleges that Officer Quintero's conduct was "reckless," "outrageous" and caused him "severe emotional distress."  (V. Compl. ¶¶ 57-59.)  Accordingly, he seeks damages from the City and Officer Quintero individually.  (*Id.* ¶ 63.)

The emotional distress claim against the City is barred by sovereign immunity.  This is because the "reckless conduct" requirement of an emotional distress claim "is the equivalent of willful and wanton conduct" in Fla. Stat. § 768.28(9)(a), which protects Florida municipalities like the City from tort liability for any official's act "committed in bad faith or with malicious purpose

8

or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *See Samedi v. Miami-Dade County*, 134 F. Supp. 2d 1320, 1353 (S.D. Fla. 2001). Coulson's claim against Officer Quintero in his individual capacity is also barred by sovereign immunity. This is because Coulson does not allege that Officer Quintero acted outside the scope of his employment in the course of intentionally inflicting emotional distress upon him. (V. Compl. ¶ 61.) Accordingly, the claim against Officer Quintero would effectively seek redress from the City, rather than Officer Quintero personally, and as explained *supra* III(d)(i), the City has not opened itself to suit in federal court for state tort claims, particularly those underpinned by state officials acting with malice. *See* Fla. Stat. §§ 768.28(9)(a) and (18). Therefore, Count 9 must be dismissed as to both Defendants.

    v.  **Count 10 – Malicious Prosecution Claim Against City and Officer Quintero.**

"The elements of malicious prosecution are (1) a legal proceeding commenced or continued against the plaintiff, (2) the defendant caused or commenced the proceeding, (3) the proceeding had a bona fide termination in plaintiff's favor, (4) there was no probable cause for commencing the proceeding, (5) the defendant acted with malice, and (6) the plaintiff suffered damage." *Hardick v. Homol*, 795 So.2d 1107, 1111, n.2 (5th DCA 2001). Coulson alleges the City "lacked probable cause to initiate the commencement of the prosecution" against him, Officer Quintero caused the criminal prosecution to commence, and the prosecution was dismissed and therefore terminated in Coulson's favor. (V. Compl. ¶¶ 64-66.) He also claims the malicious prosecution caused him physical and mental injuries. (*Id.* ¶ 68.)

The malicious prosecution claim against the City is, like the emotional distress claim, barred by sovereign immunity because it requires a finding of malice, and the City has not waived its immunity for malicious acts committed by its officials. *See* Fla. Stat. § 768.28(9)(a). Likewise, the malicious prosecution claim against Officer Quintero also fails because, as explained above, Coulson has failed to allege a plausible legal theory upon which one could conclude that there was no probable cause to commence the prosecution. Additionally, the claim fails because Coulson concedes that the charges against him were dismissed and not concluded on the merits so as to constitute a *bona fide* termination that the action lacked merit. *See Valdes v. GAB Robins North America, Inc.*, 924 So.2d 862, 866 (3d DCA 2006) ("suits that terminate because of technical or procedural reasons or considerations other than the merits of the first suit, are not '*bona fide*

9

terminations' and will not support a malicious prosecution suit"). Accordingly, Count 10 also fails to state a claim as to either Defendant.

## IV. CONCLUSION

Coulson has failed to adequately allege a single federal or state claim against either Defendant. The Court will not exercise supplemental jurisdiction over the state claims unless Coulson can allege a viable federal claim. Accordingly, for the reasons set forth above, it is hereby ORDERED that:

1) **Counts 1 through 5** are dismissed without prejudice, with leave to file an amended Complaint as to those Counts by **Monday, February 8, 2010.**

2) **Counts 6, 7, and 8** are dismissed without prejudice, with leave to refile in state court.

3) **Counts 9 and 10** are dismissed as to the City without prejudice, with leave to refile in state court.

4) **Counts 9 and 10** are dismissed as to Officer Quintero without prejudice, with leave to file an amended Complaint as to those Counts against Officer Quintero only, by **Monday, February 8, 2010.**

DONE in Chambers, Miami, Florida, January 21, 2010.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
Counsel of Record