UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22911-CIV-HUCK/McAliley

**ADOLFO COULSON**,

Plaintiffs,

-vs-

CITY OF HIALEAH, a Political
Subdivision of Dade County, Florida,
HIALEAH POLICE OFFICER RICHARD
QUINTERO #1249 and HIALEAH POLICE
OFFICER REYNERIS MORALES #1679,
JOHN DOE & JOE ROE, UNKNOWN
PERSONS ALL SUED IN THIS ACTION
WITHIN THE SCOPE OF THEIR
EMPLOYMENT AND PERSONAL
CAPACITIES

Defendants,

_____/

## AMENDED COMPLAINT

TO THE HONORABLE COURT:

**COMES NOW** the Plaintiff, ADOLFO COULSON, through his

undersigned legal counsel respectfully states, alleges, requests and prays

the following:

1.      This is an action for declaratory relief and monetary damages in

excess of $75,000 for violation of the constitutional and statutory rights of

Plaintiff ADOLFO COULSON, guaranteed by the Constitution and Laws of

the United States and the State of Florida, and for damages for the injuries

caused Plaintiff by the intentional, and/or grossly negligent acts of Defendants in violation of Plaintiffs' civil rights.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth and Fourteen Amendments of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § 1331 and 1343 and upon the aforementioned statutory and constitutional provisions. Venue of this action is proper under 28 U.S.C. § 1391.

3.  Plaintiff further invokes the pendant jurisdiction of this Court to hear and decide claims arising under the Constitution and Laws of the State of Florida from a common nucleus of operative facts under 28 U.S.C. section 1367.

4.  Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of §768.28 of the Florida Statues.

## PARTIES

5.  Plaintiff, ADOLFO COULSON is and was at all times relevant to the facts which give rise to this complaint, an adult resident of this judicial district in the City of Hialeah, Dade County, Florida. He is suing in his personal capacity.

6.    Defendant, CITY OF HIALEAH, is a municipality and political subdivision duly incorporated under the laws of the State of Florida.

7.    Defendant, OFFICER ROBERT QUINTERO #1249 is, and/or was at all times relevant to the facts which give rise to this complaint, an adult member of the CITY OF HIALEAH POLICE DEPARTMENT, Dade County, Florida with the rank of police officer and acting under color of state law, violated Plaintiff's constitutional rights knowingly using excessive force causing serious injury to Plaintiff ADOLFO COULSON and made false statements concerning the events resulting in his arrest and imprisonment and prosecution.   Defendant is being sued in his individual capacity.

8.    Defendant, OFFICER REYNERIS MORALES #1679, is, and/or was at all times relevant to the facts which give rise to this complaint, an adult member of the CITY OF HIALEAH  POLICE DEPARTMENT, Dade County, Florida with the rank of police officer and acting under color of state law, violated Plaintiff's constitutional rights knowingly using excessive force causing serious injury to Plaintiff ADOLFO COULSON and made false statements concerning the events resulting in his arrest and imprisonment and prosecution.   Defendant is being sued in his individual capacity.

## SUMMARY OF FACTS

9.    On September 7, 2007, Plaintiff COULSON and a friend were

sitting on the front porch of a residence located at 7th Avenue S.E. 10th Place.

10.    Defendant Officers QUINTERO and MORALES arrived at the above location and questioned Mr. COULSON and his friend about a reported burglary.

11.    Mr. COULSON stepped off the porch and moved closer to the Officers to answer their questions.

12.    Defendant Officer QUINTERO asked about a vehicle which was legally parked in front of the residence.

13.    Mr. COULSON advised Defendant Officer QUINTERO that he and his friend had arrived in that vehicle.

14.    Defendant Officer QUINTERO asked Mr. COULSON for identification, which he produced.

15.    Defendant Officer MORALES immediately began to search the vehicle without requesting permission from Mr. COULSON or his friend.

16.    Defendant Officer QUINTERO performed a background check on  Mr. COULSON.

17.    Defendant Officer QUINTERO immediately placed him under arrest, claiming he was driving on a suspended license and a habitual traffic offender.

18.    Mr. COULSON was never behind the wheel of the vehicle.

19.    Mr. COULSON submitted to Defendant Officer QUINTERO's arrest without resistance and was handcuffed.

20.    Mr. COULSON verbally protested his arrest.

21.    Defendant Officer QUINTERO shoved Mr. COULSON off his feet causing him to fall against the police vehicle, striking his head.

22.    Defendant Officer QUINTERO transported Mr. COULSON to the City of Hialeah Police Station.

23.    Mr. COULSON was finger-printed, photographed and placed in detention in a holding facility.

24.    Mr. COULSON spent 35 days incarcerated.

25.    Mr. COULSON's charges were dropped by the State Attorney's Office. No Action was announced at time of Arraignment on September 28, 2007.

## COUNT I
## FALSE IMPRISONMENT AGAINST
## DEFENDANTS OFC. RICHARD QUINTERO and
## OFC. DANIEL MORALES

Plaintiff, COULSON, re-alleges and incorporates paragraphs 1-25 as if fully set forth herein and would further state:

26.    Defendant OFFICERS QUINTERO and MORALES while in the course and scope of their employment, unlawfully detained the Plaintiff, COULSON and deprived him of his liberty against his will.

27.    The detention was unreasonable, illegal and not warranted by the circumstances.

28.    The Defendant OFFICERS QUINTERO and MORALES's, actions were wilful and intentional and were made in bad faith, with malicious purpose and/or  with a want or  wilful disregard for the safety of Mr. COULSON.

29.    As a direct and proximate result of the acts done by the Defendant OFFICERS QUINTERO and MORALES,  the Plaintiff COULSON, sustained damages, including but not limited to physical injury, financial losses, damage to his reputation, physical and mental stress.

WHEREFORE, Plaintiff, COULSON, demands a judgment for damages according to law against the Defendant OFFICERS QUINTERO and MORALES together with costs and demands trial by jury of all issues triable as of  right by jury.

## COUNT II
## FALSE IMPRISONMENT AGAINST
## DEFENDANT  CITY OF HIALEAH

Plaintiff, COULSON, re-alleges and incorporates paragraphs 1-25 as if fully set forth herein and would further state:

30.    Defendant OFFICERS QUINTERO and MORALES,  while in the course and scope of their employment, with Defendant, CITY OF HIALEAH, unlawfully detained the Plaintiff, COULSON, and deprived him of his liberty against his will.

31.    The detention was unreasonable, illegal, and not warranted by the circumstances.

32.    As a direct and proximate result of the acts done by the Defendant   CITY  OF  HIALEAH,  Mr.  COULSON  sustained  damages, including, but limited to, physical injury, financial losses, damage to his reputation, physical and mental stress.

WHEREFORE, Plaintiff, COULSON, demands judgment for damages according to law against the Defendant, CITY OF HIALEAH, together with costs, and demands trial by jury of all issues triable as of right by jury.

## COUNT III
## §1983 CIVIL RIGHTS VIOLATION AGAINST
## DEFENDANT OFC. RICHARD QUINTERO

Plaintiff, COULSON, re-alleges and incorporates paragraphs 1-25 as if fully set forth herein and would further state:

33.    At all times material hereto, the actions of Defendant Officer

RICHARD QUINTERO, deprived Plaintiff COULSON, of his constitutional rights guaranteed by the Constitution of the United States and protected by 42 U.S.C. § 1983 and deprived him of the following constitutional rights privileges.

a.   the right and privilege to be free from unlawful attack upon the physical integrity of his person; and/or

b.   the right and privilege to be secure in his person while in the custody of police officers ; and/or

c.   the right and privilege while in custody to be free from illegal assault and battery by any person exercising the authority of the CITY OF HIALEAH, CITY OF HIALEAH POLICE DEPARTMENT and the State of Florida; and/or

d.   the right to be free from physical abuse and intimidation; and/or

e.   the right to be free from unreasonable seizure.

34.   At all times material hereto, the aforementioned actions of the Defendant Officer QUINTERO was committed with reckless or callous indifference to Plaintiff COULSON's, federally protected rights.

35.   Defendant Officer QUINTERO'S, actions were directly responsible for the deprivation of the constitutionally protected rights of the Plaintiff COULSON, and in doing so misused the power possessed by virtue

of the state law and made possible because the Defendant OFC. QUINTERO , was acting under the color of the state law.

36.    Pursuant to 42 U.S.C § 1983, Plaintiff COULSON demands costs and  attorney's fees.

WHEREFORE, Plaintiff COULSON, demands judgment against the Defendant Officer  QUINTERO , for compensatory damages together with costs including reasonable attorney's fees, interest if applicable, punitive damages, and such further necessary and property relief the Court deems appropriate, and demands trial by jury of all issues triable as of right by jury.

## COUNT IV
## §1983 CIVIL RIGHTS VIOLATION AGAINST
## DEFENDANT OFC. REYNERIS MORALES

Plaintiff, COULSON, re-alleges and incorporates paragraphs 1-25 as if fully set forth herein and would further state:

37.    At all times material hereto, the actions of Defendant Officer MORALES, deprived Plaintiff COULSON, of his constitutional rights guaranteed by the Constitution of the United States and protected by 42 U.S.C. § 1983 and deprived him of the following constitutional rights privileges.

a.    the right and privilege to be free from unlawful attack upon the physical integrity of his person; and/or

-9-

b.     the right and privilege to be secure in his person while in the custody of police officers ; and/or

c.     the right and privilege while in custody to be free from illegal assault and battery by any person exercising the authority of the CITY OF HIALEAH, CITY OF HIALEAH POLICE DEPARTMENT and the State of Florida; and/or

d      the right to be free from physical abuse and intimidation; and/or

e.     the right to be free from unreasonable seizure.

38.    At all times material hereto, the aforementioned actions of the Defendant Officer MORALES  was committed with reckless or callous indifference to Plaintiff COULSON's, federally protected rights.

39.    Defendant Officer MORALES's, actions were directly responsible for the deprivation of the constitutionally protected rights of the Plaintiff COULSON, and in doing so misused the power possessed by virtue of the state law and made possible because the Defendant Officer MORALES, was acting under the color of the state law.

40.    Pursuant to 42 U.S.C § 1983, Plaintiff COULSON demands costs and  attorney's fees.

WHEREFORE, Plaintiff COULSON, demands judgment against the Defendant MORALES, for compensatory damages together with costs

-10-

including reasonable attorney's fees, interest if applicable, punitive damages, and such further necessary and property relief the Court deems appropriate, and demands trial by jury of all issues so triable as of right by jury.

### COUNT V
### § 1983 CLAIM AGAINST THE CITY OF HIALEAH
### Hiring, Screening, Assigning and Retaining

Plaintiff, COULSON, re-alleges and incorporates paragraphs 1-25 as if fully set forth herein and would further state:

41.   At all times material hereto, Defendant, CITY OF HIALEAH, was responsible for implementing the rules and regulations in regard to hiring, screening,  assigning and retaining officers to their duties in the CITY OF HIALEAH POLICE DEPARTMENT.

42.   Said Defendant, CITY OF HIALEAH, was deliberately indifferent in that they instituted a policy by which they  negligently  hired and failed to screen employees of the CITY OF HIALEAH POLICE  DEPARTMENT, including but not limited to Defendant OFFICERS QUINTERO and MORALES for dangerous propensities, lack of training, and/or skill, or other characteristics making them unfit to perform their duties.

43.   The CITY OF HIALEAH, was deliberately indifferent in that through their policies they negligently failed to determine whether said employees, including Defendant OFFICERS QUINTERO and MORALES

posed a threat to the public as a result of their propensities to commit unlawful acts and to engage in violent activities prior to hiring them.

44.    The deliberate indifference of the CITY OF HIALEAH, in their failure to properly hire, screen and assign officers within its control, including but not limited to Defendant OFFICERS QUINTERO and MORALES and were so grossly negligent as to constitute deliberate indifference to the constitutional rights of all persons, including the Plaintiff, COULSON in violation of 42 U.S.C. § 1983.

45.    Defendant, CITY OF HIALEAH, knew or should have known of the dangerous disposition of Defendant OFFICERS QUINTERO and MORALES, based upon a proper screening process and their past unlawful conduct.

46.    The conduct of CITY OF HIALEAH, exhibited reckless and/or callous disregard for the rights of persons, including the Plaintiff, COULSON, who might be injured or battered by officers of the CITY OF HIALEAH POLICE DEPARTMENT who had been inadequately screened prior to hiring.

47.    Defendant, CITY OF HIALEAH, knew or should have known that their callous indifference in failing to screen officers prior to hiring them would foreseeably result in injury to members of the public, including the Plaintiff, COULSON, hereto alleged.

-12-

48.   Defendant, CITY OF HIALEAH, was deliberately indifferent in selection and/or screening and/or assigning of Defendant OFFICERS QUINTERO and MORALES  as Officers of the CITY OF HIALEAH  POLICE DEPARTMENT in that it appointed said Defendants, QUINTERO and MORALES as officers when it knew or in the exercise of reasonable care should have known of the disposition of Officers QUINTERO and MORALES, and  to engage in unlawful conduct.

49.   As a result and proximate result of the acts described above, and in violation of 42 U.S.C. § 1983, Plaintiff, COULSON, was subjected to unreasonable seizure of his person, was injured in and about his body and extremities, suffered pain therefrom, and incurred medical expenses for the treatment of his injuries, suffered physical handicap, and his working abilities were impaired.  The injuries are either permanent or continuing in nature,  and Mr. COULSON, will suffer the losses and impairment in the future.  As a further direct and proximate result, scandal and with great humiliation, mental suffering, and damaged reputation.  As a further direct and proximate result, Mr. COULSON, has suffered mental anguish, loss of capacity for the enjoyment of life, loss of ability to earn money, loss of earnings and loss of his freedom and civil rights.

WHEREFORE, Plaintiff, COULSON, demands judgment for damages according to law against the Defendant CITY OF HIALEAH, with costs, and demands trial by jury of all issues triable as of right by jury.

## COUNT VI
## § 1983 CLAIM AGAINST THE CITY OF HIALEAH
## Training, Supervising, Disciplining and Retention

Plaintiff, COULSON, realleges and reavers Paragraphs 1-25 as if fully set forth herein and would further state:

50.   Defendant, CITY OF HIALEAH, is charged with the responsibility of adopting and implementing rules and regulations for employees of the Defendant CITY OF HIALEAH, including officers of the CITY OF HIALEAH POLICE DEPARTMENT.

51.   At all times material hereto, Defendant CITY OF HIALEAH, was responsible for implementing the rules and regulations in regard to training, supervising, controlling, disciplining, and retaining officers with regard to their duties in the HIALEAH POLICE DEPARTMENT.

52.   The deliberate indifference of the CITY OF HIALEAH, in their failure to train, supervise, and/or discipline officers within its control, including but not limited to Defendant OFFICERS QUINTERO and MORALES, were so grossly negligent as to constitute deliberate indifference to the constitutional rights of all persons, including the Plaintiff COULSON, in violation of 42 U.S.C. § 1983.

-14-

53.    Officers in the CITY OF HIALEAH POLICE DEPARTMENT maintained a custom of using excessive force in dealing with members of the pubic.

54.    There was a pattern of similar incidents as alleged herein in which citizens were injured or endangered by the intentional and/or negligent misconduct of the CITY OF HIALEAH POLICE DEPARTMENT and its officers and/or that serious incompetence or misbehavior was general or widespread throughout the CITY OF HIALEAH POLICE DEPARTMENT system.

55.    Defendant, CITY OF HIALEAH, knew or should have known of the dangerous disposition of Defendant OFFICERS QUINTERO and MORALES, and Officers of CITY OF HIALEAH POLICE DEPARTMENT based upon their past unlawful conduct.

56.    The conduct of CITY OF HIALEAH, exhibited reckless and/or callous disregard for the rights of persons, including the Plaintiff COULSON, who might be injured or battered by officers of the CITY OF HIALEAH POLICE DEPARTMENT who had been inadequately trained, supervised, and/or disciplined.

57.    Defendant, CITY OF HIALEAH, knew or should have known that

their policy of callous indifference towards training, supervising, or disciplining of officers who engaged in conduct that would forseeably result in injury to members of the public, including the Plaintiff, COULSON hereto alleged.

58.     Despite the notice and knowledge of Defendant CITY OF HIALEAH, as to the dangerous propensities of its officers because of said officers' lack of training, skill, and/or experience, CITY OF HIALEAH, failed to implement any policies or programs to train said officers, or otherwise intentionally failed to protect the public, including the Plaintiff, COULSON, from this danger.

59.     Defendant CITY OF HIALEAH, was deliberately indifferent in the training and/or supervision and/or retention of Defendant OFFICERS QUINTERO and MORALES, as officers for the CITY OF HIALEAH POLICE DEPARTMENT in that:

a.     The fact that they knew or should have known that this pattern of conduct was being carried out by the agents and employees, Defendant CITY OF HIALEAH has failed to:

i.    Remove Defendant OFFICERS   QUINTERO
      and MORALES,  from their position as CITY
      OF HIALEAH POLICE OFFICERS;

ii.   Take any disciplinary action against said
      officers;

iii.  Properly train said officers;

iv.   Properly supervise said officers.

60.    As a direct and proximate result of the acts described above, and in violation of 42 U.S.C. § 1983, Plaintiff, COULSON was subjected to unreasonable seizure of his person and was injured in and about his body and extremities, suffered pain there from, and incurred medical expenses for the treatment of his injuries, suffered physical handicap and his working abilities were impaired.  The injuries are either permanent or continuing in nature, and the Plaintiff COULSON, will suffer the losses and impairment in the future.  As a further direct and proximate result, Plaintiff COULSON, has suffered grievously, has been brought into public scandal and with great humiliation, mental suffering, and damaged reputation.  As a further direct and proximate result, Plaintiff COULSON, has suffered mental anguish, loss of capacity for the enjoyment of life, loss of ability to earn money, loss of earnings, and loss of his freedom and civil rights.

-17-

WHEREFORE, Plaintiff, COULSON, demands judgment for damages according to law against the Defendants, CITY OF HIALEAH, with costs, and demands trial by jury of all issues triable as of right by jury.

**COUNT VII**
**MALICIOUS PROSECUTION**

Plaintiff, COULSON, re-alleges and incorporates paragraphs 1-25 as if fully set forth herein and would further state:

61.   A criminal proceeding against Plaintiff COULSON, was commenced on or about September 7, 2007, in Hialeah, Dade County, Florida.

62.   Defendant OFFICERS QUINTERO and MORALES, were the legal cause of the original judicial proceeding against Mr. COULSON, as the Defendant in the original proceedings.

63.   No probable cause existed for such prosecution.

64.   "No Action" was entered on September 28, 2007.

65.   The Defendant OFFICERS QUINTERO and MORALES, acted with malice in initiating the original proceeding.

66.   Plaintiff, COULSON, suffered significant damage as a result of the original judicial proceedings.

67.   As a direct and proximate result of the acts done by the

Defendant OFFICERS QUINTERO and MORALES, in furtherance of the prosecution, Plaintiff COULSON, sustained damages including, but not limited to financial losses, damage to his reputation, physical and mental stress.

WHEREFORE, Plaintiff, COULSON, demands judgment for damages against the Defendant OFFICERS QUINTERO and MORALES, together with costs and demands trial by jury of all issues triable as of right by jury.

### COUNT VII
### BATTERY AS TO DEFENDANT OFFICER QUINTERO

Plaintiff, COULSON, re-alleges and incorporates paragraphs 1-25 as if fully set forth herein and would further state:

68.   Defendant OFFICER QUINTERO, violently struck Mr. COULSON, inflicting harmful contact upon his person.

69.   Such contact was offensive to Mr. COULSON, and was done with the intent to cause such contact.

70.   As a direct and proximate result of the acts done by the Defendant OFFFICER QUINTERO, Mr. COULSON, sustained damages including, but not limited to financial losses, damage to his reputation, physical and mental stress.

WHEREFORE, Ms. COULSON,   demands judgment for damages against the Defendant OFFICER   QUINTERO,   together with costs and demands trial by jury of all issues triable as of right by jury.

DATED:     FEBRUARY 8, 2010
MIAMI-DADE COUNTY, FLORIDA


ARTHUR B. CALVIN, PA
Attorney for PLAINTIFF-COULSON
3006 Aviation Avenue, Suite 4B
Coconut Grove, Florida 33133
OFC  (305) 444-8292
FAX  (305) 856-6988
FLA. BAR NO. 270431
abcalvinpa@gmail.com

## SERVICE LIST

Adolfo Coulson v. City of Hialeah, et al.
Case No.  09-22911-CIV-HUCK/McAliley


**ALAN E. KRUEGER, ESQ.**
Assistant City Attorney
501 Palm Avenue
Fourth Floor
Hialeah, Florida 33010
Ofc      :        (305) 883-5853
Fax      :        (305) 883-5896
Florida Bar No. 151680
Akrueger@hialeahfl.gov
*Attorney for Defendant: City of Hialeah*


**CHRISTINE L. WELSTEAD, ESQ.**
Akerman, Senterfitt & Eidson
One S.E. 3rd Avenue
28th Floor
Miami, Florida 33131
Ofc      :        (305) 374-5600
Fax      :        (305) 374-5095
Florida Bar No. 970956
christine.welstead@akerman.com
*Attorney for Defendant: Officer Quintero*

-21-